1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                     EASTERN DISTRICT OF CALIFORNIA
10
11   JAMES D. GORDON,                    CASE NO. 1:12-cv-00012-AWI-SKO

                        Plaintiff,       **FINDINGS AND RECOMMENDATIONS**
12                                       **THAT PLAINTIFF'S COMPLAINT BE**
                                         **DISMISSED**
13        v.

14   DAVID S. WOOTEN,
                                         **OBJECTIONS DUE: 30 DAYS**
15                        Defendant.
     _____/
16

17                      **I.   INTRODUCTION**

18         On January 3, 2012, Plaintiff Jason D. Gordon ("Plaintiff") filed this action against

19   Defendant David S. Wooten ("Defendant" or "Commissioner Wooten"), "individually and in his

20   official capacity as the Commissioner of the Traffic Department in Tulare County." (Doc. 1, p. 1.)

21   For the reasons set forth below, the Court RECOMMENDS that Plaintiff's complaint be

22   DISMISSED WITH PREJUDICE.

23                   **II.   FACTUAL BACKGROUND**

24         Plaintiff brings this complaint pursuant to Title 42 Section 1983 for purported violations of

25   the Ninth and Fourteenth Amendments of the United States Constitution. (Doc. 1, pp. 1-2.) Plaintiff

26   alleges that there were three traffic court cases in which Plaintiff appeared before Defendant in his

27   capacity as a Traffic Commissioner for the Superior Court of the County of Tulare. (Doc. 1, p. 2.)

28   Plaintiff states that case  no. PTR512474 was heard on April 7, 2010, and resulted in a fine of $553;

case no. VTR553061 was heard on December 2, 2010, and resulted in a fine of $335, which was eventually reduced to $252 based on Plaintiff's "Motion to Vacate"; and case no. VTR593652 was heard on June 30, 2011, and resulted in a fine of $556.  It also appears that at least one of the cases resulted in a sentence of community service, but Plaintiff does not clearly allege the facts surrounding that sentence. (*See* Doc. 1, p. 4.)

Plaintiff alleges that in case no. PTR512474, Commissioner Wooten improperly convicted Plaintiff of traveling 95 miles per hour "when the only legitimate evidence was the radar [c]lock [indicating a speed] of 82 [miles per hour]."  (Doc. 1, p. 3.)  Plaintiff further alleges that Commissioner Wooten "overstepp[ed]" his authority by "unlawfully" charging Plaintiff with a second offense related to a ticket Plaintiff received in Los Angeles County two years prior, when "no evidence of that conviction [had been] introduced by the [ticketing police] officer." (Doc. 1, p. 3.)

In case no. VTR553061, Plaintiff alleges that Commissioner Wooten found Plaintiff "guilty for something there isn't any law against doing" – specifically driving his motorcycle at a slow speed with the front tire one foot off the ground. (Doc. 1, p. 3.) Plaintiff also contends that Commissioner Wooten failed to comply with the "45 day speedy trial law," failed to explain to Plaintiff why he was found guilty, overcharged the amount of the fine levied, and improperly charged Plaintiff for a second offense. (Doc. 1, p. 3.)  Plaintiff filed a "Motion to Vacate" contending that evidence of a prior conviction had not been properly introduced. (Doc. 1, p. 3.)  Commissioner Wooten granted Plaintiff's Motion to Vacate and reduced Plaintiff's fine from $335 to $252. (Doc. 1, p. 3.)

Plaintiff alleges that he appealed at least one of Commissioner Wooten's decisions in these cases to Superior Court Judge Gary L. Paden, who did not allow Plaintiff sufficient time to present his case, accepted the prosecutor's untimely response, "ignored" Plaintiff, and was "extremely rude" and "talked down" to Plaintiff.  Plaintiff does not indicate the result of his appeal.

Plaintiff implies that, due to the appeal and the prior cases, "Commissioner Wooten [was] well aware that he [was] unlawfully charging ALL the citizens of Tulare County, which have prior traffic citation convictions in the last 3 years, more than the law allows."  (Doc. 1, p. 4.) Nonetheless, in case no. VTR593652, Plaintiff alleges that Commissioner Wooten "ignored the rules

1 of the court twice" by convicting Plaintiff of the wrong violation (which Plaintiff admits he "didn't

2 fight" in court) and by overcharging Plaintiff again with a fine of $323.  (Doc. 1, p. 4.)

3       Plaintiff asserts that he was "mistreat[ed]" as a "citizen of the United States" and that he "felt

4 it was time to make a stand and do something about a rouge Commissioner" who "must be held

5 accountable for his actions."  (Doc. 1, p. 4, 5.)  Plaintiff contends that Commissioner Wooten is

6 "becoming a prosecutor" and cannot "possibly be unbiased if he himself is introducing evidence."

7 (Doc. 1, p. 5.)  Plaintiff's prayer for relief seeks (1) injunctive relief removing Commissioner

8 Wooten from his duties; (2) declaratory relief as the Court deems just; (3) other relief as the Court

9 deems just; (4) to award Plaintiff relief from the "tainted" traffic convictions, remove all trace of the

10 convictions, and refund the "illegally garnered fines" in the amount of $1.361; (5) to, "[a]t a bare

11 minimum," award Plaintiff new trials for the convicted tickets; and (6) to place a hold on case no.

12 VTR593652 in the Superior Court of the County of Tulare.  (Doc. 1, p. 6.)

### III.   DISCUSSION

13

14 **A.   Screening Requirement**

15       In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen

16 each case and shall dismiss the case at any time if the Court determines that the allegation of poverty

17 is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may

18 be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C.

19 § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may

20 be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez*

21 *v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

22 **B.   Legal Standard**

23       In determining whether a complaint fails to state a claim, the Court uses the same pleading

24 standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must

25 contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

26 R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

27 allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

28 accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (quoting *Twombly*, 550 U.S. at 555).

**C.   The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims**

Courts have an independent duty to consider their own subject matter jurisdiction and may, *sua sponte*, dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").

Plaintiff alleges claims against Defendant Commissioner Wooten, a state-court commissioner in the County of Tulare Superior Court, Traffic Division.  (Doc. 1, p. 1.)  Although Plaintiff claims to be suing Defendant "[i]ndividually and in his official capacity as the Commissioner of the Traffic Department in Tulare County" (Doc. 1, p. 1), Plaintiff's allegations relate to Commissioner Wooten's actions presiding over three traffic court cases.  Plaintiff is thus suing Defendant based on his official duties as a state-court traffic commissioner.  As such, the Court lacks subject matter jurisdiction pursuant to the doctrine of absolute judicial immunity.  *See* Fed. R. Civ. P. 12(b)(1); *see also Snegirev v. Sedwick*, 407 F. Supp. 2d 1093, 1097 (D. Alaska 2006) (dismissing suit against judges for lack of subject matter jurisdiction pursuant to doctrine of judicial immunity).

A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity.  *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983).  In California, judicial immunity applies to commissioners such as Defendant.  *See Regan v. Price*, 131 Cal. App. 4th 1491, 1495 (2005); *Tagliavia v. Cnty. of L.A.*, 112 Cal. App. 3d 759, 763 (1980); *see also* Cal. Gov't Code § 72190. Judicial immunity constitutes

an immunity from suit, not just from an ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). A judge is not deprived of immunity because he takes actions which are erroneous, malicious, or in excess of his authority. *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir.1999). Judicial immunity applies no matter how erroneous the judicial act may have been, or how injurious the consequences are to the plaintiff. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (citation omitted). "The rationale for granting judges immunity from liability for even intentional and malicious conduct while acting in their judicial capacity is that judges should be free to make controversial decisions and act upon their convictions without fear of personal liability." *Meek*, 183 F.3d at 965 (citation omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11.

There are two general circumstances where judicial immunity is overcome: (1) where a judge's act is not a judicial action, and (2) when the judge acts in the clear absence of all jurisdiction. *Id.* at 11-12; *see also Hyland v. Wonder*, 117 F.3d 405, 413 n. 1 (9th Cir. 1997), *as amended* 127 F.3d 1135 (9th Cir. 1997). Neither of those circumstances apply here.

First, Commissioner Wooten's acts were judicial in nature. Whether an act by a judge is a judicial one relates to the nature and function of the act and not the act itself, i.e., whether it is a function normally performed by a judge, and the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see also Mireles*, 502 U.S. at 11-12. Here, Plaintiff's allegations relate to purported acts made by Commissioner Wooten while sentencing Plaintiff in three traffic cases in the County of Tulare Superior Court, Traffic Division. (Doc. 1.) The act of presiding over and sentencing a case is clearly a judicial act normally performed by a judge. *See Pierson*, 386 U.S. at 554 ("It is a judge's duty to decide all cases within his jurisdiction that are brought before him.") Nothing in Plaintiff's complaint suggests that Commissioner Wooten was acting outside his judicial capacity.

Second, Commissioner Wooten acted within his jurisdiction. "Jurisdiction is construed broadly where the issue is the immunity of a judge." *Crooks v. Maynard*, 913 F.2d 699, 701 (9th Cir. 1990) (citation omitted). "[A]s long as a judge has jurisdiction to perform the 'general act' in question, he or she is immune 'however erroneous the act may have been, ... however injurious in

its consequences it may have proved to the plaintiff' and irrespective of the judge's motivation." *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir.2000), *overruled in part on other grounds by Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (citation omitted).  Commissioner Wooten, as a "Commissioner of the Traffic Department in Tulare County" (Doc. 1, p. 1), had the jurisdiction to perform the general act of deciding and ruling on traffic cases before him.  "A person performing 'judge-like functions' that were not clearly outside the scope of his jurisdiction . . . is judicially immune from damage liability."  *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995).

As such, Plaintiff's complaint seeking relief from Commissioner Wooten's allegedly "unlawful" acts when sentencing Plaintiff is barred by judicial immunity.  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  *Stump*, 435 U.S. at 356-57; *see also Mireles*, 502 U.S. at 11.  Judicial immunity applies even when the judicial acts are "flawed by the commission of grave procedural errors."  *Stump*, 435 U.S. at 359.

Because Commissioner Wooten's alleged actions were judicial in nature and within his jurisdiction, absolute judicial immunity applies.  The Court thus lacks subject matter jurisdiction over Plaintiff's complaint.

**D.    Leave to Amend is Not Proper**

"Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect."  *Lopez*, 203 F.3d at 1130 (internal citations omitted).  Here, however, such a correction is not possible.  Plaintiff's suit against Defendant is based on Defendant's actions as a state-court commissioner presiding over cases and is barred by judicial immunity.  Accordingly, it is not possible for Plaintiff to amend his pleading to allege a viable cause of action against Commissioner Wooten.

## IV.    CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

**days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    March 20, 2012**                           **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE